**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FR. MARK JAUFMAN and JOHN DOE(S),**

                    **Plaintiffs,**

                                                    **1:06-CV-1295**
            **vs.**                                 **(NAM/DRH)**

**HOWARD A. LEVINE, WHITEMAN OSTERMAN**
**& HANNA, LLP, INDEPENDENT MEDIATION**
**ASSISTANCE PROGRAM and NEW YORK STATE**
**DISPUTE RESOLUTION ASSOCIATION (NYSDRA),**

                    **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

John A. Aretakis, Esq.                             John A. Aretakis, Esq.
353 East 54th Street
New York, New York 10022-4965
Attorney for Plaintiffs

Dreyer Boyajian LLP                                William J. Dreyer, Esq.
75 Columbia Street
Albany, New York 12210
Attorney for Defendant Howard A. Levine

Proskauer Rose LLP                                 Bertrand C. Sellier, Esq.
1585 Broadway
New York, New York 10036
Attorney for Defendant Whiteman Osterman &
Hanna, LLP

Office of Daniel W. Coffey                          Mark W. Blanchfield, Esq.
119 Washington Avenue
2nd Floor
Albany, NY 12210
Attorney for Defendant New York State
Dispute Resolution Association

**Norman A. Mordue, Chief U.S. District Judge:**

                    **MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

Plaintiff Mark Jaufman filed a complaint in this action on October 25, 2006, and amended the complaint on December 6, 2006.  In the amended complaint, plaintiff alleged he was sexually abused by a priest as a child and filed this suit against defendants Howard A. Levine, Whiteman Osterman & Hanna, LLP ("WOH"), Independent Mediation Assistance Program and New York State Dispute Resolution Association ("NYSDRA") challenging their involvement in the mediation of claims between victims of sexual abuse by priests and the Albany Diocese.  In a Memorandum-Decision and Order entered on September 28, 2007, the Court granted in part, and denied in part, defendants' motions to dismiss.  Defendants subsequently filed answers to the amended complaint, and the parties commenced discovery.

On July 18, 2008, counsel for WOH, filed a letter advising the Court that plaintiff Mark Jaufman died on March 24, 2008.  Counsel for WOH further stated that he had received no response from plaintiff's counsel to WOH's discovery requests, and received no discovery demands from plaintiff's counsel.  WOH asserted that this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure since plaintiff's counsel had not substituted a proper party in a timely manner.  Also on July 18, 2008, plaintiff's attorney filed a suggestion of death advising that he learned in May 2008, that plaintiff had died, and that plaintiff's "representatives . . . have indicated that they wish for the case to proceed".  Defendant Howard Levine joined WOH's request for dismissal.  On August 6, 2008, the Court held a telephone conference in this matter, denied defendants' requests for dismissal without prejudice and directed plaintiff's attorney to file a status report regarding a proper substitute for plaintiff in this matter.

In a letter dated August 27, 2008, plaintiff's counsel wrote:

> In May 2008 I learned that the plaintiff Mark Jaufmann in the above captioned case
> died. His life partner and his brother have both indicated that they want the litigation
> to proceed.
>
> The matter of who would be in charge of the case remains unresolved. However, as
> an attorney for a deceased person who died without a will and without any direction
> from a Surrogate Court in California, I do believe I cannot in good conscience
> proceed with the case under these circumstances.
>
> I respectfully request that the Court dismiss the above case without prejudice.
>
> I trust that the Court in its wisdom and within its discretion, will not allow the case
> to be prejudiced if the family or estate decides to re-litigate the case in the future. I
> do not know how the defendants may be prejudiced by this action.

Dkt. No. 52. Defendants seek dismissal of this action with prejudice pursuant to Rule 25(a) of the

Federal Rules of Civil Procedure on the basis that a proper party has not been substituted as the

plaintiff in a timely manner.

## DISCUSSION

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of
> the proper party. A motion for substitution may be made by any party or by the
> decedent's successor or representative. If the motion is not made within 90 days after
> service of a statement noting the death, the action by or against the decedent must be
> dismissed.

Fed. R. Civ. P. 25(a)(1). It is undisputed that a motion for substitution was not filed within ninety

days from the date on which plaintiff's counsel filed a suggestion of plaintiff's death. Indeed,

plaintiff's counsel has stated that it is unclear who, if anyone, would be substituted as the plaintiff

in this case. Moreover, although the Court may extend the time in which to file a motion for

substitution pursuant to Rule 6(b),[1] no such extension has been sought. Thus, dismissal is

_____

[1]Rule 6(b) provides:

(1) In General. When an act may or must be done within a specified time, the court
may, for good cause, extend the time:

3

appropriate.

Plaintiff's counsel and defendants disagree as to whether dismissal should be with, or

without, prejudice.  However difficult it might be for this action to be proven if re-filed, the Court

declines to dismiss the matter with prejudice at this juncture.  Accordingly, the amended

complaint is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the amended complaint is **DISMISSED without prejudice** pursuant to

Rule 25(a)(1); and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date:  October 20, 2008

_____
Norman A. Mordue
Chief United States District Court Judge

---

    (A) with or without motion or notice if the court acts, or if a request is made, before
the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of
excusable neglect.

Fed. R. Civ. P. 6(b).